******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., concurring. I concur in the result because I agree with the majority that the lack of an instruction pursuant to *State* v. *Salamon*, 287 Conn. 509, 949 A.2d 1092 (2008), was not harmless. As in my concurrence in the companion case we also decided today; see *Banks* v. *Commissioner of Correction*, 339 Conn. 1, 56, A.3d (2021) (*D'Auria, J.*, concurring); which I hereby incorporate by reference, however, I do not agree with the standard that the majority adopts for determining harmless error. The majority determines that, when a petitioner seeking habeas relief establishes a *Salamon* error, the habeas court must assess the harm of that error according to the legal standard that the United States Supreme Court articulated in *Brecht* v. *Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (new trial mandated if instructional error "had [a] substantial and injurious effect or influence in determining the jury's verdict" (internal quotation marks omitted)), rather than the more petitioner friendly standard that the high court adopted in *Neder* v. *United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999) (new trial required if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the [instructional] error"). As I discussed in detail in my concurrence in *Banks*, I take issue with the majority's holding for two reasons. First, because I believe that the merits of this case would be the same under either standard,[1] I do not believe that this court needs to—or should—determine which standard applies, especially as it is unclear how many, if any, future cases this standard will apply to. Second, I believe that the *Neder* standard is the proper standard. Accordingly, I respectfully concur.

[1] Assuming that the majority is correct that the *Brecht* standard is the proper standard, I agree with the majority that the petitioner would prevail on his *Salamon* claim. Additionally, assuming that I am correct that the *Neder* standard is the proper standard, I agree fully with the Appellate Court majority's thorough and well reasoned opinion that the absence of a *Salamon* instruction was not harmless beyond a reasonable doubt under the *Neder* standard. See *Bell* v. *Commissioner of Correction*, 184 Conn. App. 150, 158 n.6, 172, 194 A.3d 809 (2018), aff'd, 339 Conn. 79, A.3d (2021).